UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER SADOWSKI,

       Plaintiff,

- against -

TOWNSQUARE MEDIA, INC.

       Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Townsquare Media, Inc., ("Townsquare" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of five (5) copyrighted photographs. One of model, Sondra Fortunato. One of actor Alec Baldwin and his wife Hilaria Baldwin. Two of singer Beyoncé in a group outside Carnegie Hall. One of singer Remy Ma. All are owned by Sadowski, a New York based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.	This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.	This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.	Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 46 Viola Avenue, Clifton, New Jersey 07011. Sadowski's photographs have appeared in many publications around the United States.

6.	Upon information and belief, Townsquare is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 900 3rd Avenue, New York, NY 10022. Upon information and belief, Townsquare is registered with the New York Department of State, Division of Corporations to do business in the State of New York. Upon information and belief, at all times material hereto, Townsquare has owned and operated a website at the URL: www.943thepoint.com, www.thefw.com, www.singersroom.com, www.xxlmag.com  (the "Websites").

## STATEMENT OF FACTS

**A.	Background and Plaintiff's Ownership of the Photographs**

7.	Sadowski photographed model Sondra Fortunato as Miss Liberty, actor Alec Baldwin and Hilaria Baldwin, singer Beyoncé outside Carnegie Hall, and rapper Remy Ma with her attorneys. (All together the "Photographs") A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Sadowski then licensed the Photographs to The New York Post and The YBF. The New York Post ran an article that featured the Sondra Fortunato photograph on its web edition entitled, *Ultimate Giants Fan Sondra Fortunato*. See http://nypost.com/1999/11/30/ultimate-giants-fan-sondra-fortunato/#6. Sadowski's name was featured in a water mark identifying him as the photographer of the Photograph. The New York Post ran an article that featured the Alec Baldwin photograph on its web edition entitled, *Alec Baldwin and fiancée share a sidewalk smooch*. See http://nypost.com/2012/06/30/alec-baldwin-and-fiancee-share-a-sidewalk-smooch/. Sadowki's name was featured in a gutter credit identifying him as the photographer of the Photograph. The YBF ran an article that featured the Beyonce Photograph on its web edition entitled, *More Pics & Videos: Beyonce, Jay-Z, Jessica White, & NAS Partying It Up At Carnegie Hall & 40/40*. See http://theybf.com/2012/02/07/more-pics-video-beyonce-jay-z-jessica-white-nas-partying-it-up-at-carnegie-hall-4040. A true and correct copy of the Photographs in the articles are attached hereto as Exhibit B.

9. Sadowski is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with Copyright Office and were given Copyright Registration Numbers VA-190-0624 and VA-198-9707.

**B.     Defendant's Infringing Activities**

11. Upon information and belief, Townsquare ran an article on the Website entitled, *Sondra Fortunato-Local Celebrity or Local Annoyance?* See http://943thepoint.com/sondra-fortunato-local-celebrity-or-local-annoyance/. Upon information and belief, Townsquare ran an article on the Website entitled, *Alec Baldwin Gets Married-See Photos of his Surprise Wedding*.

See http://thefw.com/alec-baldwin-wedding/. Upon information and belief, Townsquare ran an article on the Website entitled *SPOTTED: First Beyonce Outing Post Blue Ivy*. See http://singersroom.com/content/2012-02-07/SPOTTED-First-Beyonce-Outing-Post-Blue-Ivy/#p5. Upon information and belief, Townsquare ran an article on the Website entitled, *There's Something About Remy Alright*. http://www.xxlmag.com/news/bloggers/2007/07/theres-something-about-remy-alright/. The articles prominently featured the Photographs. A true and correct copy of the articles are attached hereto as Exhibit C.

12. Townsquare did not license the Photographs from Plaintiff for its article, nor did Townsquare have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOWNSQUARE)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Townsquare infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Townsquare is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Townsquare have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

<b><u>SECOND CLAIM FOR RELIEF<br>INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TOWNSQUARE<br>(17 U.S.C. § 1202)</u></b>

19.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20.     When the Photographs were published in an article in The New York Post, the articles contained copyright management information under 17 U.S.C. § 1202(b).

21.     Upon information and belief, in its article on the Website, Townsquare intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

22.     The conduct of Townsquare violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Townsquare's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Townsquare intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in

the Photographs. Townsquare also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

25. As a result of the wrongful conduct of Townsquare as alleged herein, Plaintiff is entitled to recover from Townsquare the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Townsquare because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Townsquare statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Townsquare be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Townsquare be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 11, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Christopher Sadowski*
